**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT LANTER,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:20-cv-2163** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **WARDEN SPAULDING,** | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

On November 19, 2020, *pro se* Petitioner Robert Lanter ("Petitioner"), who is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.) Petitioner paid the requisite filing fee on December 2, 2020.  Following an Order to show cause (Doc. No. 4), Respondent filed a response on December 15, 2020, asserting that Petitioner's § 2241 petition should be dismissed for lack of jurisdiction (Doc. No. 6).

## I.    BACKGROUND

In 2016, in the United States District Court for the Eastern District of Tennessee, Petitioner pled guilty to aiding and abetting the possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g) and 2.  *See United States v. Lanter*, No. 3:16-cr-93-RLJ-HBG-2 (E.D. Tenn.) (Doc. No. 23).  On February 27, 2017, that court sentenced Petitioner to serve 120 months' incarceration.  *Id.* (Doc. No. 49).

Petitioner neither appealed to the United States Court of Appeals for the Sixth Circuit nor filed a motion to vacate pursuant to 28 U.S.C. § 2255.

In his § 2241 petition, Petitioner asserts that he is actually innocent of violating § 922(g). (Doc. No. 1 at 6.)  Petitioner asserts that he did not know that the firearms were in his co-defendant's home and that he "did not do anything to aid her in having the firearms." (*Id.*)  Petitioner also maintains that the indictment did not state the type of firearm, how he aided and abetted its possession, and how it affected interstate commerce. (*Id.*)  He argues that the indictment did not allege that Petitioner "knew or had cause to know of the other person['s] charged status as a convicted felon." (*Id.*)  Finally, Petitioner suggests that his plea is constitutionally invalid because he was "not informed that an element of the offense was that [he] knew [he] belonged to a class of persons barred from possessing a firearm." (*Id.* at 7.)  He alleges that had he known of this element, he would not have taken the plea. (*Id.*)  As relief, Petitioner requests that the Court vacate his conviction and sentence and order his immediate release. (*Id.*)  Although Petitioner does not explicitly refer to it, he appears to seek relief pursuant to the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew

2

he belonged to the relevant category of persons barred from possessing a firearm."

*See id.* at 2200.

## II.   DISCUSSION

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case."  *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *see also Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").   Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, buy filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody.  *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 443-44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).  However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . .  [he may] resort to § 2241 to challenge the validity of the conviction or sentence."  *See Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal

prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court." *See Miller v. United States*, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." *See Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (citing *Dorsainvil*, 119 F.3d at 251). The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

4

*Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *Dorsainvil*, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the § 2241 petition must be dismissed for lack of jurisdiction. *See Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

Petitioner challenges his § 922(g) conviction and sentence, asserting, *inter alia*, that under *Rehaif*, he is now actually innocent of that crime because the Government failed to establish that he knew that he "belonged to a class of persons barred from possessing a firearm." (Doc. No. 1 at 7.) As noted *supra*, to challenge the legality of a conviction under § 2241, the petitioner must have had "no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Bruce*, 868 F.3d at 180 (quoting *Dorsainvil*, 119 F.3d at 251). In *Dorsainvil*, the petitioner had already filed an unsuccessful § 2255 motion when the Supreme Court "interpreted his statute of conviction in *Bailey v. United States*, 516 U.S. 137 [1995], in a way that rendered [Dorsainvil's] conduct non-criminal." *See Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 702 (3d Cir. 2018). Dorsainvil could not seek permission to file a second § 2255 motion because "successive § 2255 motions based on new law must be based on new rules of constitutional law and *Bailey* involved statutory construction rather than constitutional law." *See id.* at 702-03 (citing *Dorsainvil*, 119 F.3d at 247-48). Dorsainvil "also had no prior opportunity to raise his challenge in an initial § 2255

5

motion because *Bailey* was decided after his § 2255 proceeding was complete." *See id.* at 703 (citing *Dorsainvil*, 119 F.3d at 246, 251).   Thus, the Third Circuit concluded that Dorsainvil could proceed under § 2241 because, in that "unique circumstance," § 2255 was inadequate and ineffective.  *See Dorsainvil*, 119 F.3d at 251.

Unlike the petitioner in *Dorsainvil*, however, Petitioner is not a successive petitioner who lacked a "prior opportunity to raise his challenge in an initial § 2255 motion."  *See Boatwright*, 742 F. App'x at 703.  Thus, "the restrictions on filing successive § 2255 motions at issue in *Dorsainvil* do not apply to him because he has never filed a first § 2255 motion."  *Id.*  Rather, the procedural posture of this action is akin to that at issue in *Boatwright*.  Generally, § 2255 motions must be filed within one (1) year of the date on which the conviction and sentence became final.  28 U.S.C. § 2255(f)(1).  Here, Petitioner's conviction and sentence became final on March 13, 2017, when his time for filing a direct appeal to the United States Court of Appeals for the Sixth Circuit expired.  *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).  Thus, if Petitioner had filed a § 2255 motion instead of his § 2241 petition, the § 2255 motion would have been untimely under § 2255(f)(1) because his time for filing a motion under that provision expired on March 13, 2018.

Section 2255(f)(3), however, allows for the one-year limitation period to begin running from "the date on which the right asserted was initially recognized by

the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." 28 U.S.C. § 2255(f)(3). Unlike new rules for purposes of second or successive § 2255 motions, "new 'rights' triggering § 2255(f)(3) need not be constitutional." *See Boatwright*, 742 F. App'x at 703 (citing *United States v. Lloyd*, 188 F.3d 184, 187 n.8 (3d Cir. 1999), *abrogated in part on other grounds by Dodd v. United States*, 545 U.S. 353 (2005)).

Neither the Third Circuit nor the Sixth Circuit has addressed whether *Rehaif* recognized a new right for purposes of § 2255(f)(3).[1]  However,

> [the Court] need not do so to conclude that [Petitioner] cannot resort to § 2241.  If [*Rehaif*] is new, then [Petitioner] could have timely asserted his claim in a § 2255 motion and was required to use that "preferred vehicle" regardless of whether his claim could otherwise be brought under § 2241. . . . If [*Rehaif*] is not new, by contrast, then [Petitioner] could have raised his claim in a timely § 2255 motion before. Either way, there is no basis to permit him to proceed under § 2241.

*Boatwright*, 742 F. App'x at 703-04.  Accordingly, the Court lacks jurisdiction over Petitioner's § 2241 petition.

Under 28 U.S.C. § 1631, this Court may transfer a matter over which it lacks jurisdiction to the appropriate forum if the Court determines that a transfer is "in the

---

[1] Both the Third and Sixth Circuits have concluded that incarcerated individuals may not seek to file a second or successive § 2255 motion based upon *Rehaif* because *Rehaif* does not state "a new rule of constitutional law" as required by 28 U.S.C. § 2255(h).  *See In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020); *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020).  "But the standard for analyzing whether *Rehaif* should be applied retroactively differs depending on whether the § 2255 motion is a successive petition, as in *Sampson*, or an initial petition." *United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *2 n.3 (E.D. Pa. Nov. 13, 2020).

interest of justice." 28 U.S.C. § 1631; *see Boatwright*, 742 F. App'x at 704. The Court, however, does not find it to be in the interest of justice to transfer the § 2241 petition to Petitioner's sentencing court, the Eastern District of Tennessee, "for treatment as a § 2255 motion in order to preserve its filing date for statute of limitations purposes." *Boatwright*, 742 F. App'x at 704. In his § 2241 petition, however, Petitioner indicates that he "was told by the courts that [he] could not file a 2255 motion because [he] was past the 1 year allotted period to file." (Doc. No. 1 at 4.) Moreover, even if *Rehaif* recognized a new right for purposes of § 2255(f)(3), Petitioner's petition, if brought as a § 2255 motion, would still be untimely because it was filed well one (1) year of June 21, 2019, the date on which *Rehaif* was decided. Accordingly, the Court finds that transfer of Petitioner's § 2241 petition for treatment as a § 2255 motion is not warranted.

## III.   CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed without prejudice for lack of jurisdiction. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: December 18, 2020